UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JUSTIN JACOBSON, | Case No. 19-CV-0451 (JNE/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| PAUL SCHNELL; TONY LOUREY; NANCY JOHNSTON; KEITH ELLISON, Minnesota Attorney General; KELLY LYN MITCHELL, Executive Director or the Minnesota Sentencing Commission; and JANE AND JOHN DOES, in their official capacities, | |
| Defendants. | |

Plaintiff Justin Jacobson is civilly committed at the Minnesota Sex Offender Program ("MSOP") on the judicial finding that he is a sexually dangerous person. Prior to his commitment, Jacobson had compiled a lengthy record of criminal sexual misconduct, including a conviction for fourth-degree criminal sexual conduct. *See In re Civil Commitment of Jacobson*, No. A11-2176, 2012 WL 1380405, at *4 (Minn. Ct. App. Apr. 23, 2012).

As relevant here, two legal consequences (other than the terms of imprisonment and civil commitment) followed from the criminal conviction. First, Minnesota law requires that persons convicted of certain sexual offenses be sentenced to a mandatory ten-year or lifetime term of conditional release, depending upon the circumstances of the conviction. *See* Minn. Stat. § 609.3455, subds. 6-7. Second, Minnesota law requires that

1

persons convicted of sexual offenses register with the State and regularly provide information regarding addresses, work location, vehicles owned, and so on; failure to register or provide accurate information is a criminal offense. *See* Minn. Stat. § 243.166.

In this litigation, Jacobson challenges the legality of the conditional-release and registration statutes. Jacobson did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* Dkt. No. 5. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Jacobson qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is

plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, Jacobson seeks relief under "the Bane Act," *see, e.g.*, Am. Compl. ¶ 2 [Dkt. No. 4], presumably a reference to the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1.  But Jacobson is a civil detainee of the State of Minnesota seeking relief exclusively from defendants sued in their official capacities as agents of the State of Minnesota.  It is therefore difficult to see what relevance a California statute might have to these proceedings.[1]

More relevant are Jacobson's claims that the conditional-release and registration statutes violate his federal constitutional rights.  That said, Jacobson's claims are nevertheless insufficiently pleaded and should be dismissed.

Jacobson raises essentially three grounds for relief in this proceeding.  First, Jacobson suggests that, for a variety of reasons, he should not have been subject to a term of conditional release at all under Minnesota law as a result of his offense.  *See, e.g.*, Am. Compl. ¶¶ 52-53.  Jacobson's various arguments make little sense.  A term of conditional release was imposed after Jacobson pleaded guilty to fourth-degree criminal sexual

---

[1] Additionally, any claims under California law would not raise a federal question of law, *see* 28 U.S.C. § 1331, and there is no reason to believe from the amended complaint that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and thus this Court lacks original jurisdiction over any claims brought pursuant to state law.

3

conduct in 2008.  *See State v. Jacobson*, No. 85-CR-08-0663 (Minn. Dist. Ct.).  The imposition of the term of conditional release was therefore a straightforward application of § 609.3455 in Jacobson's case; by the statute's plain terms, Jacobson was subject to a mandatory term of conditional release as a result of his conviction.  *See* Minn. Stat. § 609.3455, subds. 6 & 7.  Contrary to Jacobson's assertions, *see* Am. Compl. ¶ 53, conditional release is not a "new charge" for which additional procedures or findings of fact are necessary; it is instead simply an aspect of the sentence imposed for the offenses for which Jacobson was found guilty.  There is no allegation that the criminal proceedings themselves violated Jacobson's federal due process rights, and it would in any event be far too late for Jacobson to seek to have his criminal conviction invalidated. *See* 28 U.S.C. § 2244(d).

     Second, Jacobson alleges that the terms of his conditional release unlawfully coerce him into complying with sex-offender treatment, as failure to comply with treatment amounts to a violation of the terms of his conditional release and may therefore result in the revocation of his conditional release and return to prison.  Never, though, does Jacobson allege how the requirement that he complete sex-offender treatment violates his constitutional rights.  The mere fact that the State of Minnesota imposes treatment as a condition of release from incarceration does not, by itself, amount to a constitutional violation; this is, after all, the entire point of conditional release—that defendants abide by conditions under the potential penalty of revocation.  Without further allegations regarding the specific constitutional rights infringed due to the condition requiring treatment, Jacobson's claim is insufficiently pleaded.

4

Third, Jacobson alleges that the conditions imposed by the Minnesota registration statute, § 243.166, violate his Fourth, Fifth, and Fourteenth Amendment rights.  These constitutional claims have been squarely rejected previously as raised against the Minnesota registration statute, including by the Eighth Circuit Court of Appeals.  *See Larson v. Roy*, No. 12-0707 (MJD/AJB), 2013 WL 3280247, *5-8 (D. Minn. June 26, 2013) (citing *Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003)).  Jacobson's claims fail as a matter of law.

For these reasons, it is recommended that this matter be dismissed and Jacobson's IFP application denied.  Jacobson's claim that the condition of release that he undergo treatment amounts to a violation of his constitutional rights is at least theoretically amenable to repleading and therefore should be dismissed *without* prejudice; amendment of Jacobson's other claims would be futile, and those claims should therefore be dismissed *with* prejudice.  *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (dismissal with prejudice for failure to state a claim upon which relief may be granted is not abuse of discretion when amendment of the complaint would be futile).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

      a.      The claim regarding the condition of treatment amounting to a violation of constitutional rights be DISMISSED WITHOUT PREJUDICE.

      b.      All other claims be DISMISSED WITH PREJUDICE.

2.      The application to proceed *in forma pauperis* of plaintiff Justin Jacobson [Dkt. No. 5] be DENIED.

Dated: June 20, 2019              *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).