UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JUSTIN JACOBSON,

    Plaintiff,

v.

PAUL SCHNELL; TONY LOUREY;
NANCY JOHNSTON; KEITH
ELLISON, Minnesota Attorney General;
KELLY LYN MITCHELL, Executive
Director or the Minnesota Sentencing
Commission; and JANE AND JOHN
DOES, in their official capacities,

    Defendants.

Case No. 19-cv-0451 (JNE/ECW)
ORDER

In a Report and Recommendation ("R&R") dated June 20, 2019, the Honorable Elizabeth Cowan Wright, United States Magistrate Judge, recommended that the above-caption matter be dismissed as follows: Plaintiff Justin Jacobson's claim regarding the condition of treatment amounting to a violation of constitutional rights be dismissed without prejudice, and all other claims be dismissed with prejudice. The Magistrate Judge also recommended that Jacobson's application to proceed in forma pauperis be denied. Jacobson filed objections. Jacobson's objections are overruled for the following reasons.

First, Jacobson objects to the Magistrate Judge's finding that the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("Bane Act") has no applicability to this case. Contrary to Jacobson's objection, however, the Bane Act cannot provide Jacobson relief in this action. As explained in the R&R, "Jacobson is a civil detainee of the State of Minnesota seeking relief exclusively from defendants sued in their official capacities as agents of the



1

State of Minnesota." A California state statute, such as the Bane Act, has no applicability in this scenario. *Hollie v. Schnell*, No. 19-CV-445, 2019 WL 3800237, at *1 (D. Minn. Aug. 13, 2019). And despite Plaintiff's contentions, a California state statute is not analogous to decisions of the United States Supreme Court or other sources of federal law. *Id.*

Second, contrary to Jacobson's objections, the R&R does not assert that Jacobson has sought to challenge or invalidate his conviction. Jacobson takes issue with the R&R stating that "it would in any event be far too late for Jacobson to seek to have his criminal conviction invalidated." R&R at 4. But Jacobson's concern is misplaced. The R&R did not assert that Jacobson was in fact trying to invalidate his criminal conviction. Rather, the R&R asserted that Jacobson has not, and cannot now, claim that the criminal proceedings themselves violated his federal due process rights. The point here is that Jacobson has not challenged the imposition of conditional release in his case because (1) a term of conditional release was a mandatory result of his conviction and (2) he has not challenged the conviction. This objection, along with Jacobson's remaining objections, are overruled for the reasons provided in the R&R.

Additionally, Jacobson's request for leave to amend his amended complaint will be denied. Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be granted freely "when justice so requires." However, futility constitutes a valid reason for denial of a motion to amend. *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999). Here, any attempt to amend Jacobson's claim that required treatment violates his constitutional rights would be futile. As noted in the R&R, Jacobson does not "allege

how the requirement that he complete sex-offender treatment violates his constitutional rights." R&R at 4. Instead, Jacobson merely concludes that it does. *See, e.g.,* Am. Compl. ¶ 26. Jacobson has failed to plead his claims with the required specificity and legal support despite ample opportunities to do so. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Jacobson's objections to the R&R only reinforce the Court's conclusion that supplementing the pleadings would be futile. In them, Jacobson claims that his amended complaint *already* shows how the required treatment violates his constitutional rights. *See* Pl.'s Objs. at 7. But as explained elsewhere, his argument is without legal support. *See Gunderson v. Hvass*, 339 F.3d 639, 644-645 (8th Cir. 2003); *Hollie*, No. 19-CV-445, 2019 WL 3800237, at *2; R&R at 4. The Court accordingly denies Jacobson's motion for leave to amend as futile.

In sum, after conducting a de novo review of all parts of the R&R that have been objected to, *see* Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2, the Court accepts the recommended disposition in part. Therefore, IT IS ORDERED THAT:

1. Plaintiff Justin Jacobson Amended Complaint, ECF No. 4, be DISMISSED WITH PREJUDICE;

2. Jacobson's Application to Proceed *in forma pauperis*, ECF No. 5, be DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 27, 2019

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge